Scott S. Thomas, Bar No. 031418
sst@paynefears.com
Sarah J. Odia, *Pro Hac Vice Pending*
sjo@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
2375 East Camelback Road, 6th Floor
Phoenix, Arizona 85016
Telephone: (602) 344-9549
Facsimile: (602) 344-9653

Attorneys for Plaintiffs Pulte Home
Company, LLC, Pulte Development
Corporation and Pulte Home Corporation

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| Pulte Home Company, LLC, a Michigan limited liability company; and Pulte Development Corporation, a Michigan corporation, and Pulte Home Corporation, a Michigan corporation, | Case No. |
| | **PLAINTIFFS' COMPLAINT FOR:** |
| Plaintiffs, | **(1) DECLARATORY JUDGMENT;** |
| v. | **(2) BREACH OF CONTRACT – DUTY TO DEFEND;** |
| Midwest Family Mutual Insurance Company, an Iowa corporation; Peleus Insurance Company, a Virginia corporation; Clear Blue Specialty Insurance Company, a Texas corporation; James River Insurance Company, an Ohio corporation; Knight Specialty Insurance Company, a Delaware corporation; Pennsylvania Lumbermens Mutual Insurance Company, a Pennsylvania corporation; Starr Indemnity & Liability Company, a Texas corporation; United Specialty Insurance Company, a Delaware corporation; Wesco Insurance Company, a Delaware corporation; Cincinnati Specialty Underwriters Insurance Company, a Delaware corporation; Obsidian Specialty Insurance Company, a Delaware corporation; Scottsdale Indemnity Company, an Ohio corporation; Hanover American Insurance Company, a New Hampshire corporation; Allied World Assurance Company (US) Inc., a Delaware corporation; National Union Fire Insurance Company of Pittsburgh, PA, a | **(3) BREACH OF CONTRACT – DUTY TO INDEMNIFY; AND** **(4) BAD FAITH.** **DEMAND FOR JURY TRIAL** |

Sidebar (vertical text): PAYNE & FEARS LLP — ATTORNEYS AT LAW — 2375 EAST CAMELBACK ROAD, 6TH FLOOR — PHOENIX, ARIZONA 85016 — (602) 344-9549

Pennsylvania corporation; AMCO
Insurance Company, an Iowa corporation;
Travelers Property Casualty Company of
America, a Connecticut corporation;
Federated Mutual Insurance Company, a
Minnesota corporation; Endurance
American Insurance Company, a Delaware
corporation; Liberty Mutual Fire Insurance
Company, a Wisconsin corporation;
Westfield Insurance Company, an Ohio
corporation; Valley Forge Insurance
Company, a Pennsylvania corporation; and
The Charter Oak Fire Insurance Company,
a Connecticut corporation;

       Defendants.

Plaintiffs Pulte Home Company, LLC, Pulte Development Corporation and Pulte

Home Corporation (collectively, "Plaintiffs" or "Pulte") hereby allege as follows:

## PARTIES

1.      At all times mentioned herein, Pulte Home Company, LLC was and is a

Michigan limited liability company.  Its sole member is Pulte Diversified Group, LLC.

Pulte Diversified Group, LLC's sole member is PulteGroup, Inc.  PulteGroup, Inc. is a

Michigan corporation with its principal place of business in Georgia.

2.      At all times mentioned herein, Pulte Development Corporation was and is a

Michigan corporation with its principal place of business in Georgia.

3.      At all times mentioned herein, Pulte Home Corporation was and is a

Michigan corporation with its principal place of business in Georgia.

4.      Plaintiffs are informed and believe, and on that basis allege, that Midwest

Family Mutual Insurance Company ("Midwest Family") was and is an Iowa corporation

with its principal place of business in Iowa.

5.      Plaintiffs are informed and believe, and on that basis allege, that Peleus

Insurance Co. ("Peleus") was and is a Virginia corporation with its principal place of

business in Virginia.

6.      Plaintiffs are informed and believe, and on that basis allege, that Clear Blue

Specialty Insurance Company ("Clear Blue") was and is a Texas corporation with its

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

-2-

principal place of business in Puerto Rico.

7.      Plaintiffs are informed and believe, and on that basis allege, that James River Insurance Company ("James River") was and is an Ohio corporation with its principal place of business in Virginia.

8.      Plaintiffs are informed and believe, and on that basis allege, that Knight Specialty Insurance Company ("KSIC") was and is a Delaware corporation with its principal place of business in California.

9.      Plaintiffs are informed and believe, and on that basis allege, that Pennsylvania Lumbermens Mutual Insurance Company ("Pennsylvania Lumbermens") was and is a Pennsylvania corporation with its principal place of business in Pennsylvania.

10.     Plaintiffs are informed and believe, and on that basis allege, that Starr Indemnity & Liability Company ("Starr") was and is a Texas corporation with its principal place of business in New York.

11.     Plaintiffs are informed and believe, and on that basis allege, that United Specialty Insurance Company ("USIC") was and is a Delaware corporation with its principal place of business in Texas.

12.     Plaintiffs are informed and believe, and on that basis allege, that Wesco Insurance Company ("Wesco") was and is a Delaware corporation with its principal place of business in Ohio.

13.     Plaintiffs are informed and believe, and on that basis allege, that Cincinnati Specialty Underwriters Insurance Company ("CSU") was and is a Delaware corporation with its principal place of business in Ohio.

14.     Plaintiffs are informed and believe, and on that basis allege, that Obsidian Specialty Insurance Company ("Obsidian") was and is a Delaware corporation with its principal place of business in New York.

15.     Plaintiffs are informed and believe, and on that basis allege, that Scottsdale Indemnity Company ("Scottsdale") was and is an Ohio corporation with its principal place of business in Arizona.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA, 85016
(602) 344-9549

16.     Plaintiffs are informed and believe, and on that basis allege, that Hanover American Insurance Company ("Hanover") was and is a New Hampshire corporation with its principal place of business in Massachusetts.

17.     Plaintiffs are informed and believe, and on that basis allege, that Allied World Assurance Company (US) Inc. ("Allied") was and is a Delaware corporation with its principal place of business in New York.

18.     Plaintiffs are informed and believe, and on that basis allege, that National Union Fire Insurance Company of Pittsburgh, PA ("National Union") was and is a Pennsylvania corporation with its principal place of business in New York.

19.     Plaintiffs are informed and believe, and on that basis allege, that AMCO Insurance Company ("AMCO") was and is an Iowa corporation with its principal place of business in Iowa.

20.     Plaintiffs are informed and believe, and on that basis allege, that Travelers Property Casualty Company of America ("Travelers") was and is a Connecticut corporation with its principal place of business in Connecticut.

21.     Plaintiffs are informed and believe, and on that basis allege, that Federated Mutual Insurance Company ("Federated") was and is a Minnesota corporation with its principal place of business in Minnesota.

22.     Plaintiffs are informed and believe, and on that basis allege, that Endurance American Insurance Company ("Endurance") was and is a Delaware corporation with its principal place of business in New York.

23.     Plaintiffs are informed and believe, and on that basis allege, that Liberty Mutual Fire Insurance Company ("Liberty Mutual") was and is a Wisconsin corporation with its principal place of business in Massachusetts.

24.     Plaintiffs are informed and believe, and on that basis allege, that Westfield Insurance Company ("Westfield") was and is an Ohio corporation with its principal place of business in Ohio.

25.     Plaintiffs are informed and believe, and on that basis allege, that Valley

Forge Insurance Company ("Valley Forge") was and is a Pennsylvania corporation with its principal place of business in Illinois.

26.     Plaintiffs are informed and believe, and on that basis allege, that The Charter Oak Fire Insurance Company ("Charter Oak") was and is a Connecticut corporation with its principal place of business in Connecticut.

## JURISDICTION AND VENUE

27.     This Court has original jurisdiction over this action founded on diversity of citizenship pursuant 28 U.S.C. § 1332, because the matters in controversy exceed $75,000.00 per defendant, exclusive of interest and costs, and because complete diversity exists between Pulte and Defendants.

28.     Venue is proper in this Court in accordance with 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

### The Anthem at Merrill Ranch Project

29.     Pulte is a homebuilder that participated in the construction of a residential project known as the Anthem at Merrill Ranch community (the "Project"), which is located in Florence, Arizona.

30.     Pulte performed no work on the Project; instead, subcontractors performed all of the work.

31.     3-G Construction Co., Inc. ("3-G") subcontracted with Pulte to, among other things, perform framing work at the Project.

32.     Apex Windows & Bath Accessories ("Apex") subcontracted with Pulte to, among, other things, install shower enclosures and bath accessories at the Project.

33.     Austin Electric Services, LLC ("Austin Electric") subcontracted with Pulte to, among other things, perform electrical work at the Project.

34.     Avanti Industries, LLC ("Avanti") subcontracted with Pulte to, among other things, install windows at the Project.

35.     Brewer Enterprises, Inc. d/b/a Brewer Plumbing, Inc. ("Brewer") subcontracted with Pulte to, among other things, perform plumbing work at the Project.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

36.     Circle B Grading & Hauling, Inc. ("Circle B") subcontracted with Pulte to, among other things, perform grading work at the Project.

37.     Diversified Roofing Corporation ("Diversified") subcontracted with Pulte to, among other things, perform roofing work at the Project.

38.     European Pavers ("European") subcontracted with Pulte to, among other things, install pavers at the Project.

39.     Gothic Landscaping, Inc. ("Gothic") subcontracted with Pulte to, among other things, perform landscaping work at the Project.

40.     Heritage Interiors ISI, LLC f/k/a Heritage Interiors, Inc. ("Heritage") subcontracted with Pulte to, among other things, install flooring systems at the Project.

41.     Kaiser Garage Doors & Gates ("Kaiser") subcontracted with Pulte to, among other things, install garage door systems and gates at the Project.

42.     Mesa Fully Formed, LLC ("Mesa Fully Formed") subcontracted with Pulte to, among other things, install countertops at the Project.

43.     Metro Value Painting Corp. ("Metro Value") subcontracted with Pulte to, among other things, perform painting work at the Project.

44.     Oakcraft, Inc. ("Oakcraft") subcontracted with Pulte to, among other things, install cabinets at the Project.

45.     Paul Johnson Drywall, Inc. ("Paul Johnson") subcontracted with Pulte, to among other things, install drywall at the Project.

46.     R-S Service & Supply ("R-S") subcontracted with Pulte, to among other things, install gutters at the Project.

47.     Sonoran Mechanical Systems fka Sonoran Air, Inc. ("Sonoran") subcontracted with Pulte to, among other things, install HVAC systems at the Project.

48.     Stockett Tile & Granite Company ("Stockett") subcontracted with Pulte to, among other things, install countertops at the Project.

49.     Stucco Systems, LLC ("Stucco Systems") subcontracted with Pulte to, among other things, perform stucco work at the Project.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

50.     Sun Master Masonry, Inc. ("Sun Master") subcontracted with Pulte to, among other things, perform masonry work at the Project and install masonry fences at the Project.

51.     United Construction Group, LLC ("United Construction") subcontracted with Pulte to, among other things, perform trim carpentry work at the Project.

52.     Wallcon, LLC fka The Wall Company ("Wallcon") subcontracted with Pulte to, among other things, perform concrete work at the Project.

53.     XO Windows ("XO") subcontracted with Pulte to, among other things, install windows at the Project.

**The Peleus Policies**

54.     Austin Electric performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

55.     Each subcontract required Austin Electric to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

56.     Austin Electric obtained commercial general liability policies from Peleus (the "Peleus Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| Peleus | AU189947-00 | 12/01/16 – 12/01/17<br>10/26/18 – 10/26/19 | Austin Electric | Pulte |

57.     The Peleus Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Austin Electric's work.

58.     The coverage afforded under the Peleus Policies requires Defendant Peleus to defend and indemnify Pulte against all claims that allege (duty to defend) and result in

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

(duty to indemnify) liability for covered property damage or bodily injury arising out of Austin Electric's work or operations.

**The Clear Blue Policies**

59.    R-S performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

60.    Each subcontract required R-S to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

61.    R-S obtained commercial general liability policies from Clear Blue (the "Clear Blue Policies"):

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---------|---------------|---------------|---------------|--------------------|
| Clear Blue | AR01RD200202600 | 10/01/20 – 10/01/21 | R-S | Pulte |

62.    The Clear Blue Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of R-S's work.

63.    The coverage afforded under the Clear Blue Policies requires Defendant Clear Blue to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of R-S's work or operations.

**The James River Policies**

64.    Austin Electric, Diversified and Sonoran performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

65.    Each subcontract required Austin Electric, Diversified and Sonoran to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional

COMPLAINT AND JURY DEMAND

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

insureds under those insurance policies.

66.    Austin Electric, Diversified and Sonoran obtained commercial general liability policies from James River (the "James River Policies"):

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---|---|---|---|---|
| James River | 00097788-0<br>000977551<br>00124710-0 | 12/01/19 – 12/01/20<br>12/01/20 – 12/01/21<br>12/01/21 – 12/01/22 | Austin Electric | Pulte |
| James River | 00103449-0 | 06/01/20 - 06/01/24 | Diversified | Pulte |
| James River | 000982920<br>00098292-1<br>00098292-1<br>00098292-2 | 01/01/20 - 01/01/21<br>01/01/21 – 01/01/22<br>01/01/22 – 01/01/23<br>01/01/23 – 01/01/24 | Sonoran | Pulte |

67.    The James River Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Austin Electric's, Diversified's and Sonoran's work.

68.    The coverage afforded under the James River Policies requires Defendant James River to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Austin Electric's, Diversified's and Sonoran's work or operations.

**The KSIC Policies**

69.    Avanti, Circle B, Sun Master and Wallcon performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

70.    Each subcontract required Avanti, Circle B, Sun Master and Wallcon to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

71.    Avanti, Circle B, Sun Master and Wallcon obtained commercial general liability policies from KSIC (the "KSIC Policies"):

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---------|---------------|---------------|---------------|--------------------|
| KSIC | BTO1416753 | 4/1/14 – 4/1/15 | Avanti | Pulte |
|  | Unknown | 4/1/15 – 4/1/16 |  |  |
|  | KSVENS161157802 | 4/1/16 – 3/10/17 |  |  |
|  | BTO163689 | 8/4/16 – 8/4/17 |  |  |
|  | ATN-SF1740345 | 3/10/17 – 3/10/18 |  |  |
|  | ATN-SF1851568 | 3/10/18 – 3/10/19 |  |  |
| KSIC | BVO1332391 | 10/15/13 – 10/15/14 | Circle B | Pulte |
|  | BVO1443073 | 10/15/14 – 10/15/15 |  |  |
|  | KSVENS150026505 | 10/15/15 – 08/04/16 |  |  |
|  | BVO1663972 | 08/04/16 – 10/01/16 |  |  |
|  | BVO1674170 | 10/01/16 – 10/1/17 |  |  |
|  | ATN-ATL1780646 | 10/1/17 – 01/01/18 |  |  |
|  | ATN-ATL1890919 | 01/01/18 – 01/01/19 |  |  |
|  | ATN-ATL19101816 | 01/01/19 – 01/01/20 |  |  |
|  | ATN20115559 | 01/01/20 – 01/01/21 |  |  |
|  | ATN21127274 | 01/01/21 – 01/01/22 |  |  |
| KSIC | BTO1316233 | 8/1/13 – 8/1/14 | Sun Master | Pulte |
|  | BTO1426990 | 7/1/14 – 7/1/15 |  |  |
|  | BUO1412894 | 7/1/14 – 7/1/15 |  |  |
|  | KSVENS151135202 | 7/1/15 – 7/1/16 |  |  |
|  | BTO1648441 | 7/1/16 – 7/1/17 |  |  |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA, 85016
(602) 344-5649

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---------|---------------|---------------|---------------|--------------------|
|  | ATN-SF1750781 | 7/1/17 – 7/1/18 |  |  |
|  | ATN-SF1862071 | 7/1/18 – 7/1/19 |  |  |
|  | ATN-SF1974822 | 7/1/19 – 7/1/20 |  |  |
|  | ATN2086625 | 7/1/20 – 7/1/21 |  |  |
|  | ATN2198277 | 7/1/21 – 7/1/22 |  |  |
| KSIC | KSVENS151115800 | 5/15/15 – 5/15/16 | Wallcon | Pulte |
|  | KSVENS161161801 | 5/16/16 – 5/15/17 |  |  |
|  | ATN-SF1730971 | 8/25/17 – 8/25/18 |  |  |
|  | ATN-SF1843151 | 8/25/18 – 8/25/19 |  |  |
|  | ATN-SF1955068 | 8/25/19 – 8/25/20 |  |  |
|  | ATN2066777 | 8/25/20 – 8/25/21 |  |  |
|  | ATN2178485 | 8/25/21 – 8/25/22 |  |  |
|  | AUN2285017 | 8/25/22 – 8/25/23 |  |  |

72.     The KSIC Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Avanti's, Circle B's, Sun Master's and Wallcon's work.

73.     The coverage afforded under the KSIC Policies requires Defendant KSIC to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out Avanti's, Circle B's, Sun Master's and Wallcon's work or operations.

**The Pennsylvania Lumbermens Policies**

74.     Mesa Fully Formed performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

75.     Each subcontract required Mesa Fully Formed to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per

occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, to name Pulte and its affiliates as additional insureds under those policies.

76.    Mesa Fully Formed obtained commercial general liability policies from Pennsylvania Lumbermens (the "Pennsylvania Lumbermens Policies"):

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---|---|---|---|---|
| Pennsylvania Lumbermens | 02M0070118 | 04/01/18 – 04/01/19 | Mesa Fully Formed | Pulte |
| | 02M0070119 | 04/01/19 – 04/01/20 | | |
| | 02M0070120 | 04/01/20 – 04/01/21 | | |
| | 02M0070121 | 04/01/21 – 04/01/22 | | |
| | 02M0070122 | 04/01/22 – 04/01/23 | | |
| | 02M0070123 | 04/01/23 – 04/01/24 | | |
| | 02M0070124 | 04/01/24 – 04/01/25 | | |

77.    The Pennsylvania Lumbermens Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Mesa Fully Formed's work.

78.    The coverage afforded under the Pennsylvania Lumbermens Policies requires Defendant Pennsylvania Lumbermens to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Mesa Fully Formed's work or operations.

**The Starr Policies**

79.    Heritage performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

80.    Each subcontract required Heritage to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, to name Pulte and its affiliates as additional insureds under those policies.

81.    Heritage obtained commercial general liability policies from Starr (the "Starr

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5649

Policies"):

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---------|---------------|---------------|---------------|--------------------|
| Starr | 1000025503161 | 05/15/16 – 05/15/17 | Heritage | Pulte |
| | 1000025503171 | 05/15/17 – 05/15/18 | | |
| | 1000025503181 | 05/15/18 – 11/15/18 | | |
| | 1000025503181 | 11/15/18 – 11/15/19 | | |
| | 1000025650201 | 11/15/20 – 11/15/21 | | |
| | 1000025650211 | 11/15/21 – 11/15/22 | | |
| | 1000585410221 | 11/15/22 – 11/15/23 | | |
| | 10000585113181 | 11/15/23 – 11/15/24 | | |

82.    The Starr Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Heritage's work.

83.    The coverage afforded under the Starr Policies requires Defendant Starr to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Heritage's work or operations.

**The USIC Policies**

84.    3-G, Apex, Austin Electric, Avanti, Circle B, Diversified, European, Gothic, Metro Value, Paul Johnson, R-S, Sonoran, Stucco Systems, Sun Master, United Construction, Wallcon and XO performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

85.    Each subcontract required 3-G, Apex, Austin Electric, Avanti, Circle B, Diversified, European, Gothic, Metro Value, Paul Johnson, R-S, Sonoran, Stucco Systems, Sun Master, United Construction, Wallcon and XO to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

aggregate, to name Pulte and its affiliates as additional insureds under those policies.

86.    3-G, Apex, Austin Electric, Avanti, Circle B, Diversified, European, Gothic, Metro Value, Paul Johnson, R-S, Sonoran, Stucco Systems, Sun Master, United Construction, Wallcon and XO obtained commercial general liability policies from USIC (the "USIC Policies"):

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---------|---------------|---------------|---------------|--------------------|
| USIC | ATN-SF1740105 | 01/01/17 – 01/01/18 | 3-G | Pulte |
| | ATN-SF1851381 | 01/01/18 – 01/01/19 | | |
| | ATN-SF1963435 | 01/01/19 – 01/01/20 | | |
| | ATN2075643 | 01/01/20 – 01/01/21 | | |
| USIC | ATN1915305 | 10/26/19 – 10/26/20 | Apex | Pulte |
| | ATN1915305 | 10/26/20 – 10/26/21 | | |
| | ATN2139778 | 10/26/21 – 10/26/22 | | |
| USIC | BVO1412682 | 03/14/14 – 03/14/15 | Austin Electric | Pulte |
| | BVO1523350 | 03/14/15 – 06/14/15 | | |
| | BVO1533468 | 06/14/15 – 03/14/16 | | |
| | BVO1633618 | 03/14/16 – 12/01/16 | | |
| | ATN-SF1711271 | 12/01/17 – 12/01/18 | | |
| | ATN-SF1823357 | 12/01/18 – 12/01/19 | | |
| USIC | BTO1416753 | 04/01/14 – 04/01/15 | Avanti | Pulte |
| | KSVENS151112501 | 04/01/15 – 04/01/16 | | |
| | KSVENS161157802 | 04/01/16 – 08/04/16 | | |
| | BTO1638689 | 08/04/16 – 03/10/17 | | |
| | ATN-SF1740345 | 03/10/17 – 03/10/18 | | |
| | ATN-SF1851568 | 03/10/18 – 03/10/19 | | |
| | ATN-SF1964129 | 03/10/19 – 03/10/20 | | |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5649

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---|---|---|---|---|
| | ATN2075784 | 03/10/20 – 03/10/21 | | |
| | ATN2187727 | 03/10/21 – 03/10/22 | | |
| | ATN2291415 | 03/10/22 – 03/10/23 | | |
| | ATN23105918 | 03/10/23 – 03/10/24 | | |
| USIC | BVO1332391 | 10/15/13 – 10/15/14 | Circle B | Pulte |
| | BVO1443073 | 10/15/14 – 10/15/15 | | |
| | KSVENS150026505 | 10/15/15 – 8/4/16 | | |
| | BVO1663972 | 8/4/16 – 10/1/16 | | |
| | BVO1674170 | 10/1/16 – 10/1/17 | | |
| | ATN-ATL1780646 | 10/1/17 – 01/01/18 | | |
| | ATN-ATL1890919 | 01/01/18 – 01/01/19 | | |
| | ATN-ATL19101816 | 01/01/19 – 01/01/20 | | |
| | ATN20115559 | 01/01/20 – 01/01/21 | | |
| | ATN21127274 | 01/01/21 – 01/01/22 | | |
| USIC | BVO1513373 | 04/01/15 – 04/01/16 | Diversified | Pulte |
| | KSVENS161158700 | 04/01/16 – 04/01/17 | | |
| | BTO1618752 | 08/04/16 – 06/01/17 | | |
| | ATN-SF1720499 | 06/01/17 – 06/01/18 | | |
| | ATN-SF1831865 | 06/01/18 – 06/01/19 | | |
| | ATN-SF1944598 | 06/01/19 – 06/01/20 | | |
| USIC | ATN2118293 | 07/01/21 – 07/01/22 | European | Pulte |
| | ATN2222160 | 07/01/22 – 07/01/23 | | |
| | ATN2336499 | 07/01/23 – 07/01/24 | | |
| | ATN2448885 | 07/01/24 – 07/01/25 | | |
| USIC | ATN-SF1811697 | 04/01/18 – 04/01/19 | Gothic | Pulte |

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---------|---------------|---------------|---------------|--------------------|
| | ATN-SF1924267 | 04/01/19 – 04/01/20 | | |
| | ATN2036091 | 04/01/20 – 04/01/21 | | |
| | ATN2147796 | 04/01/21 – 04/01/22 | | |
| | ATN2251599 | 04/01/22 – 04/01/23 | | |
| | ATN2366030 | 04/01/23 – 04/01/24 | | |
| | ATN2478322 | 04/01/24 – 04/01/25 | | |
| USIC | BTO1417094 | 08/15/14 – 08/15/15 | Metro Value | Pulte |
| | KSVENS151138701 | 08/15/15 – 08/15/16 | | |
| | BTO1638710 | 08/15/16 – 08/15/17 | | |
| USIC | BTO1648239 | 04/01/16 – 04/01/17 | Paul Johnson | Pulte |
| | ATN-SF1750422 | 04/01/17 – 04/01/18 | | |
| | ATN-SF1861698 | 04/01/18 – 04/01/19 | | |
| USIC | DCI01147-00 | 10/01/19 – 10/01/20 | R-S | Pulte |
| USIC | BTO1416509 | 01/01/14 – 01/01/15 | Sonoran | Pulte |
| | KSVENS161149802 | 01/01/16 – 08/09/16 | | |
| | BTO1638754 | 08/09/16 – 01/01/17 | | |
| | ATN-SF1740085 | 01/01/17 – 01/01/18 | | |
| | ATN-SF1851343 | 01/01/18 – 01/01/19 | | |
| | ATN-SF1963361 | 01/01/19 – 01/01/20 | | |
| USIC | BVO1332427 | 10/07/13 – 10/07/14 | Stucco Systems | Pulte |
| | BTO1517471 | 02/01/15 – 02/01/16 | | |
| | KVENS161151701 | 02/01/16 – 02/01/17 | | |
| | ATN-SF1730162 | 02/01/17 – 02/01/18 | | |
| | ATN-SF1841433 | 02/01/18 – 02/01/19 | | |
| | ATN-SF1953532 | 02/01/19 – 02/01/20 | | |

PAYNE & FEARS LLP

ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA, 85016
(602) 344-9549

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---------|---------------|---------------|---------------|--------------------|
| USIC | BTO1316233 | 8/1/13 – 8/1/14 | Sun Master | Pulte |
| | BTO1426990 | 7/1/14 – 7/1/15 | | |
| | BUO1412894 | 7/1/14 – 7/1/15 | | |
| | KSVENS151135202 | 7/1/15 – 7/1/16 | | |
| | BTO1648441 | 7/1/16 – 7/1/17 | | |
| | ATN-SF1750781 | 7/1/17 – 7/1/18 | | |
| | ATN-SF1862071 | 7/1/18 – 7/1/19 | | |
| | ATN-SF1974822 | 7/1/19 – 7/1/20 | | |
| | ATN2086625 | 7/1/20 – 7/1/21 | | |
| | ATN2198277 | 7/1/21 – 7/1/22 | | |
| USIC | BVO1432728 | 04/07/14 – 04/07/15 | United Construction | Pulte |
| | BVO1543368 | 04/07/15 – 04/07/16 | | |
| | BVO1653625 | 04/07/16 – 04/07/17 | | |
| | ATN‑ATL1760254 | 04/07/17 – 04/07/18 | | |
| | ATN‑ATL1871147 | 04/07/18 – 04/07/19 | | |
| | ATN-ATL1984237 | 04/07/19 – 04/07/20 | | |
| | ATN-ATL2096077 | 04/07/20 – 04/07/21 | | |
| | ATN21107806 | 04/07/21 – 04/07/22 | | |
| | ATN22111661 | 04/07/22 – 04/07/23 | | |
| | ATN23126099 | 04/07/23 – 04/07/24 | | |
| USIC | KSVENS151115800 | 05/15/15 – 05/15/16 | Wallcon | Pulte |
| | KSVENS161161801 | 05/15/16 – 05/15/17 | | |
| | ATN-SF1730971 | 08/25/17 – 08/25/18 | | |
| | ATN-SF1843151 | 08/25/18 – 08/25/19 | | |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA, 85016
(602) 344-9549

COMPLAINT AND JURY DEMAND

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5649

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---|---|---|---|---|
| | ATN-SF1955068 | 08/25/19 – 08/25/20 | | |
| | ATN2066777 | 08/25/20 – 08/25/21 | | |
| | ATN2178485 | 08/25/21 – 08/25/22 | | |
| | AUN2285017 | 08/25/22 – 08/25/23 | | |
| USIC | BVO1312053 | 02/01/13 – 02/01/14 | XO Windows | Pulte |
| | BVO1422621 | 02/01/14 – 02/01/15 | | |
| | BVO1533210 | 02/01/15 – 02/01/16 | | |
| | BVO1643568 | 02/01/16 – 02/01/17 | | |
| | ATN-ATL1750053 | 02/01/17 – 02/01/18 | | |
| | ATN-ATL860909 | 02/01/18 – 02/01/19 | | |
| | ATN-ATL1961771 | 02/01/19 – 02/01/20 | | |
| | ATN2075576 | 02/01/20 – 02/01/21 | | |
| | ATN2187350 | 02/01/21 – 02/01/22 | | |
| | ATN2291181 | 02/01/22 – 02/01/23 | | |
| | ATN23105603 | 02/01/23 – 02/01/24 | | |
| | ATN24117879 | 02/01/24 – 02/01/25 | | |

87.    The USIC Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of 3-G's, Apex's, Austin Electric's, Avanti's, Circle B's, Diversified's, European's, Gothic's, Metro Value's, Paul Johnson's, R-S's, Sonoran's, Stucco Systems', Sun Master's, United Construction's, Wallcon's and XO's work.

88.    The coverage afforded under the USIC Policies requires Defendant USIC to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of 3-G's, Apex's, Austin Electric's, Avanti's, Circle B's, Diversified's, European's, Gothic's, Metro Value's, Paul Johnson's, R-S's, Sonoran's, Stucco Systems', Sun Master's, United

Construction's, Wallcon's and XO's work or operations.

**The Wesco Policies**

89.    Gothic and Kaiser performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

90.    Each subcontract required Gothic and Kaiser to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, to name Pulte and its affiliates as additional insureds under those policies.

91.    Gothic and Kaiser obtained commercial general liability policies from Wesco (the "Wesco Policies"):

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---------|---------------|---------------|---------------|--------------------|
| Wesco | WPP1055130-02 | 04/01/14 – 04/01/15 | Gothic | Pulte |
|       | WPP1055130-03 | 04/01/15 – 04/01/16 |        |       |
|       | WPP1055130-04 | 04/01/16 – 04/01/17 |        |       |
|       | WPP1055130-05 | 04/01/17 – 04/01/18 |        |       |
|       | WPP1055130-06 | 04/01/18 – 04/01/19 |        |       |
|       | WPP1055130-07 | 04/01/19 – 04/01/20 |        |       |
|       | WPP1055130-08 | 04/01/20 – 04/01/21 |        |       |
|       | WPP1055130-09 | 04/01/21 – 04/01/22 |        |       |
|       | WPP1055130-10 | 04/01/22 – 04/01/23 |        |       |
|       | WPP1055130-11 | 04/01/23 – 04/01/24 |        |       |
|       | WPP1055130-12 | 04/01/24 – 04/01/25 |        |       |
| Wesco | WPP1427351-00 | 01/01/16 – 01/01/17 | Kaiser | Pulte |
|       | WPP1427351-01 | 01/01/17 – 01/01/18 |        |       |
|       | WPP1427351-02 | 01/01/18 – 01/01/19 |        |       |
|       | WPP1427351-03 | 01/01/19 – 01/01/20 |        |       |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

92.    The Wesco Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Gothic's and Kaiser's work.

93.    The coverage afforded under the Wesco Policies requires Defendant Wesco to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Gothic's and Kaiser's work or operations.

**The CSU Policies**

94.    Paul Johnson performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

95.    Each subcontract required Paul Johnson to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, to name Pulte and its affiliates as additional insureds under those policies.

96.    Paul Johnson obtained commercial general liability policies from CSU (the "CSU Policies"):

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---------|---------------|---------------|---------------|--------------------|
| CSU | CSU0130165 | 04/01/19 – 04/01/20<br>04/01/20 – 04/01/21<br>04/01/21 – 05/31/21 | Paul Johnson | Pulte |

97.    The CSU Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Paul Johnson's work.

98.    The coverage afforded under the CSU Policies requires Defendant CSU defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Paul Johnson's work or operations.

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

**The Obsidian Policies**

99.    Circle B and R-S performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

100.    Each subcontract required Circle B and R-S to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, to name Pulte and its affiliates as additional insureds under those policies.

101.    Circle B and R-S obtained commercial general liability policies from Obsidian (the "Obsidian Policies"):

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---------|---------------|---------------|---------------|--------------------|
| Obsidian | PTC-GL-000000561-00 <br> PTC-GL-000000561-01 <br> PTC-GL-000000561-02 | 01/01/22 - 01/01/23 <br> 01/01/23 – 01/01/24 <br> 01/01/24 – 01/01/25 | Circle B | Pulte |
| Obsidian | PTC-GL000000261-00 <br> PTC-GL000000261-01 | 10/01/21 – 10/01/22 <br> 10/01/22 – 10/01/23 | R-S | Pulte |

102.    The Obsidian Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Circle B's and R-S's work.

103.    The coverage afforded under the Obsidian Policies requires Defendant Obsidian to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Circle B's and R-S's work or operations.

**The Scottsdale Policies**

104.    Mesa Fully Formed performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

105.    Each subcontract required Mesa Fully Formed to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, to name Pulte and its affiliates as additional insureds under those policies.

106.    Mesa Fully Formed obtained commercial general liability policies from Scottsdale (the "Scottsdale Policies"):

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---|---|---|---|---|
| Scottsdale | RBI0001058 | 04/01/17 – 04/01/18 | Mesa Fully Formed | Pulte |

107.    The Scottsdale Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Mesa Fully Formed's work.

108.    The coverage afforded under the Scottsdale Policies requires Defendant Scottsdale defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Mesa Fully Formed's work or operations.

**The Hanover Policies**

109.    Oakcraft performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

110.    Each subcontract required Oakcraft to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, to name Pulte and its affiliates as additional insureds under those policies.

111.    Oakcraft obtained commercial general liability policies from Hanover (the "Hanover Policies"):

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---|---|---|---|---|
| Hanover | ZZ4 H274267 00-01 | 06/07/20 – 06/07/22 | Oakcraft | Pulte |

112.    The Hanover Policies were endorsed to cover Pulte as an "additional

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

insured" with respect to liability arising out of Oakcraft's work.

113.    The coverage afforded under the Hanover Policies requires Defendant Hanover to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Oakcraft's work or operations.

**The Midwest Family Policies**

114.    Brewer performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

115.    Each subcontract required Brewer to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, to name Pulte and its affiliates as additional insureds under those policies.

116.    Brewer obtained commercial general liability policies from Midwest Family (the "Midwest Family Policies"):

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---|---|---|---|---|
| Midwest Family | ACAZ0560102873 | 9/24/14 – 9/24/22 | Brewer | Pulte |

117.    The Midwest Family Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Brewer's work.

118.    The coverage afforded under the Midwest Family Policies requires Defendant Midwest Family to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Brewer's work or operations.

**The Allied Policies**

119.    Gothic performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

120.   Each subcontract required Gothic to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, to name Pulte and its affiliates as additional insureds under those policies.

121.   Gothic obtained commercial general liability policies from Allied (the "Allied Policies"):

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---------|---------------|---------------|---------------|--------------------|
| Allied | PWE 0310-6294 | 04/01/17 – 04/17/18 | Gothic | Pulte |

122.   The Allied Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Gothic's work.

123.   The coverage afforded under the Allied Policies requires Defendant Allied to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Gothic's work or operations.

**The National Union Policies**

124.   Avanti and Metro Value performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

125.   Each subcontract required Avanti and Metro Value to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, to name Pulte and its affiliates as additional insureds under those policies.

126.   Avanti and Metro Value obtained commercial general liability policies from National Union (the "National Union Policies"):

/ / /

/ / /

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA, 85016
(602) 344-5649

| Insurer | Policy Number | Policy Period | Named Insured | Additional Insured |
|---|---|---|---|---|
| National Union | EBU 064763321<br>EBU 028197331<br>EBU 018256943<br>EBU 020689967<br>EBU 020619093 | 04/01/14 – 04/01/15<br>04/01/15 – 04/01/16<br>04/01/16 – 03/10/17<br>03/10/17 – 03/10/18<br>03/10/18 – 03/10/19 | Avanti | Pulte |
| National Union | BE 067046836<br>EBU 012060364<br>EBU 034625988 | 08/15/14 – 08/15/15<br>08/15/15 – 08/15/17<br>08/15/17 – 08/15/18 | Metro Value | Pulte |

127.    The National Union Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Avanti's and Metro Value's work.

128.    The coverage afforded under the National Union Policies requires Defendant National Union to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Avanti's and Metro Value's work or operations.

**The AMCO Policies**

129.    European performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

130.    Each subcontract required European to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

131.    European obtained commercial general liability policies from AMCO (the "AMCO Policies"):

/ / /

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|-----------------|------------------|---------------|--------------------|
| AMCO | ACP GLAO | 07/01/16 – 07/01/17 | European | Pulte |
| | 3007738037 | 07/01/17 – 07/01/18 | | |
| | ACP GLAO | 07/01/18 – 07/01/19 | | |
| | 3017738037 | 07/01/19 – 07/01/20 | | |
| | ACP GLAO | 07/01/20 – 07/01/21 | | |
| | 3027738037 | | | |
| | ACP GLAO | | | |
| | 3037738037 | | | |
| | ACP GLAO | | | |
| | 3047738037 | | | |

132.    The AMCO Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of European's work.

133.    The coverage afforded under the AMCO Policies requires Defendant AMCO to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of European's work or operations.

**The Travelers Policies**

134.    Kaiser performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

135.    Each subcontract required Kaiser to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

136.    Kaiser obtained commercial general liability policies from Travelers (the "Travelers Policies"):

COMPLAINT AND JURY DEMAND

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| Travelers | Y-630-9A014108-TIL-12<br>Y-630-4E939854-TIL-14<br>Y-630-4E939854-TIL-15<br>Y-630-3P-999130-TIA-20 | 01/01/12 – 01/01/13<br>05/01/14– 01/01/15<br>01/01/15 – 01/01/16<br>01/01/20 – 01/01/21 | Kaiser | Pulte |

137.    The Travelers Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Kaiser's work.

138.    The coverage afforded under the Travelers Policies requires Defendant Travelers to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Kaiser's work or operations.

**The Federated Policies**

139.    Kaiser performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

140.    Each subcontract required Kaiser to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

141.    Kaiser obtained commercial general liability policies from Federated (the "Federated Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| Federated | 9358558 | 01/01/21 – 01/01/24 | Kaiser | Pulte |

142.    The Federated Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Kaiser's work.

143.    The coverage afforded under the Federated Policies requires Defendant

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

Federated to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Kaiser's work or operations.

**The Endurance Policies**

144.    Metro Value and R-S performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

145.    Each subcontract required Metro Value and R-S to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

146.    Metro Value and R-S obtained commercial general liability policies from Endurance (the "Endurance Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| Endurance | CBF10000178900 | 08/15/17 – 08/15/18 | Metro Value | Pulte |
| Endurance | CBF10000256100 | 10/01/18 – 10/01/19 | R-S | Pulte |

147.    The Endurance Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Metro Value's and R-S's work.

148.    The coverage afforded under the Endurance Policies requires Defendant Endurance to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Metro Value's and R-S's work or operations.

**The Liberty Mutual Policies**

149.    Oakcraft performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

150.    Each subcontract required Oakcraft to maintain commercial general liability

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA, 85016
(602) 344-9549

insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

151.    Oakcraft obtained commercial general liability policies from Liberty Mutual (the "Liberty Mutual Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| Liberty Mutual | TB5-Z91-468989-028  TB5-Z91-468989-029 | 06/07/18 – 06/07/19  06/07/19 – 06/07/20 | Oakcraft | Pulte |

152.    The Liberty Mutual Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Oakcraft's work.

153.    The coverage afforded under the Liberty Mutual Policies requires Defendant Liberty Mutual to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Oakcraft's work or operations.

**The Westfield Policies**

154.    Oakcraft performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

155.    Each subcontract required Oakcraft to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

156.    Oakcraft obtained commercial general liability policies from Westfield (the "Westfield Policies"):

/ / /

/ / /

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| Westfield | TRA1653307 | 06/07/13 – 06/07/19 | Oakcraft | Pulte |

157.    The Westfield Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Oakcraft's work.

158.    The coverage afforded under the Westfield Policies requires Defendant Westfield to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Oakcraft's work or operations.

**The Valley Forge Policies**

159.    Stockett performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

160.    Each subcontract required Stockett to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

161.    Stockett obtained commercial general liability policies from Valley Forge (the "Valley Forge Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| Valley Forge | 6024467189 | 04/01/16 – 04/01/18 | Stockett | Pulte |

162.    The Valley Forge Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Stockett's work.

163.    The coverage afforded under the Valley Forge Policies requires Defendant Valley Forge to defend and indemnify Pulte against all claims that allege (duty to defend)

COMPLAINT AND JURY DEMAND

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-6549

and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Stockett's work or operations.

**The Charter Oak Policies**

164.    Oakcraft performed work at the Project pursuant to one or more written subcontracts that it entered into with Pulte.

165.    Each subcontract required Oakcraft to maintain commercial general liability insurance with minimum limits of $1,000,000 combined single limit per occurrence, $2,000,000 general aggregate, and $2,000,000 products/completed operations aggregate, and to name Pulte and its affiliates as additional insureds under those insurance policies.

166.    Oakcraft obtained commercial general liability policies from Charter Oak (the "Charter Oak Policies"):

| Insurer | Policy Number(s) | Policy Period(s) | Named Insured | Additional Insured |
|---------|------------------|------------------|---------------|--------------------|
| Charter Oak | 630-3T20071 | 06/07/22 – 06/07/25 | Oakcraft | Pulte |

167.    The Charter Oak Policies were endorsed to cover Pulte as an "additional insured" with respect to liability arising out of Oakcraft's work.

168.    The coverage afforded under the Charter Oak Policies requires Defendant Charter Oak to defend and indemnify Pulte against all claims that allege (duty to defend) and result in (duty to indemnify) liability for covered property damage or bodily injury arising out of Oakcraft's work or operations.

**The *Masi* Claims**

169.    On or around August 6, 2024, homeowners in the Anthem at Merrill Ranch community served a demand for arbitration with the American Arbitration Association, Case No. 01-24-0007-1633 entitled *Peter Masi & Janae Plourde, et. al. v. Pulte Home Company, LLC, et. al. ("Masi")* alleging property damage to and arising out of from the construction of the building envelopes, soils, foundations, slabs, grading, walls, ceilings,

floors, roofs, drywall, framing, plumbing, windows, paint, and numerous damages from building movement.

170.    The *Masi* homeowners subsequently issued their First and Second Amended Demands for Arbitration, to add additional homeowners and allegations, bringing the total to 27 homeowners.

171.    The *Masi* claimants seek over $1,000,000.00 but less than $3,000,000.00 in damages from Pulte for property damage arising out of the work, operations and/or ongoing operations of the Defendant insurers' named insured contractors listed herein.

172.    As a result of the *Masi* Claims, Pulte has incurred and will continue to incur significant costs, including but not limited to, forensic, investigative, and repair costs, attorneys' fees, and other expenses.

173.    The *Masi* claimants are seeking damages from Pulte for property damage arising out of and/or resulting from the Defendants' named insured subcontractors' work on the Project. If the homeowner-claimants in *Masi* are successful in obtaining an award against Pulte, Pulte will have incurred liability arising out of and/or resulting from the work of the Defendants' named-insured subcontractors.

174.    Pulte tendered its defense and indemnity of the *Masi* Claims to each of the Defendant insurers under the insurance policies listed herein.

175.    USIC agreed to participate in Pulte's defense under the policies it issued to 3-G, Avanti, and Paul Johnson.  USIC is referred to herein as the "Participating Insurer" as to Pulte's claims arising out of these policies only.

176.    Each and every Defendant, other than the Participating Insurer, rejected—or otherwise failed to respond to—Pulte's tenders for defense and indemnity of the *Masi* Claims, leaving Pulte with substantial unreimbursed defense and costs.

177.    Pursuant to the insurance policies issued by the Defendants to their respective named-insured subcontractors, as specified herein, the Defendants owe a duty to pay all of the defense fees and costs that Pulte incurred and will continue to incur in defending against the *Masi* Claims.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA, 85016
(602) 344-9549

178.    Pursuant to the insurance policies issued by the Defendants to their respective named-insured subcontractors, as specified herein, the Defendants have a duty to indemnify Pulte for any liability Pulte incurs as a result of the *Masi* Claims for property damage that arises out of and/or that is caused in whole or in part by the Defendants' respective named insured subcontractors' work.

179.    The Defendants, other than the Participating Insurer, breached their duties by refusing to defend Pulte. On information and belief, Defendants misrepresented policy provisions and/or material facts related to coverage, failed to make prompt payment of Pulte's demands for reimbursement of its defense costs, and/or otherwise failed to respond to Pulte's tender of its defense of the *Masi* Claims. As a result of Defendants' conduct, Pulte has been and will be forced to expend significant resources defending itself against the *Masi* Claims. Pulte will incur fees and costs in excess of $75,000 defending against the *Masi* Claims, which is ongoing.

180.    Upon information and belief, the Defendants, other than the Participating Insurer, failed to investigate or timely respond to Pulte's tender of defense and indemnity, if they responded at all.

181.    Upon information and belief, the Defendants, other than the Participating Insurer, failed to consider the allegations in the pleadings, facts provided by Pulte, or facts easily discernable.

182.    Pleading further and in the alternative, in addition to these specific allegations based on insurance policy endorsements directly adding Pulte as an additional insured to each policy issued by the Defendants and listed herein, each policy listed herein above contained a provision or provisions the effect of which is to allow Pulte to stand in the shoes of the Defendants' named-insured subcontractors for purposes of coverage.

183.    The above is not an exclusive list of the Defendants' potential liability to Pulte as other theories of potential coverage and recovery may be apparent based on the specific policies and/or specific actions of each Defendant.

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5649

## FIRST CAUSE OF ACTION

### Declaratory Judgment

(By Pulte Against All Defendants)

184.    Pulte realleges the allegations contained in paragraphs 1 through 183 inclusive, and incorporates them by reference as though fully set forth herein.

185.    Pulte is named as an additional insured or is a known third-party beneficiary of each of the insurance policies issued by the Defendants listed herein.

186.    An actual controversy has arisen and now exists between Plaintiffs, on the one hand, and Defendants, on the other hand, in that Plaintiffs contend that it is an additional insured under the policies listed herein, that Defendants owe a separate and independent duty to promptly provide Plaintiffs with a full and conflict-free defense of the *Masi* Claims, and that Defendants owe a duty to indemnify Pulte for damages arising out of the work or operations of Defendants' named-insured subcontractors.

187.    Plaintiffs are informed and believe that Defendants contend otherwise.

188.    Pulte seeks a judicial resolution of the controversy and a declaration of the following:

i. Pulte is an additional insured under the Defendants' policies listed herein;

ii. The Defendants have a duty to fully defend Pulte against the *Masi* Claims; and

iii. The Defendants must indemnify Pulte for damages arising out of the work or operations of Defendants' named-insured subcontractors.

189.    A declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations of Plaintiffs and Defendants may be determined.

## SECOND CAUSE OF ACTION

### Breach of Contract – Duty to Defend

(By Pulte Against All Defendants)

190.    Pulte realleges the allegations contained in paragraphs 1 through 189, inclusive, and incorporates them by reference as though fully set forth herein.

191.    Pulte requested that Defendants defend Pulte against the *Masi* Claims under the insurance policies each of the Defendants issued to their respective named-insured subcontractors, as described more fully above. Pulte has performed all obligations owing under each of the policies in connection with its tender of defense, and Pulte has satisfied all relevant conditions precedent.

192.    Defendants have failed to discharge their contractual duties to defend Pulte against the *Masi* Claims. More particularly, Defendants: (1) breached their contracts by failing to promptly respond to Pulte's tenders, if they responded at all; (2) breached their contracts by refusing to provide Pulte with a defense; and (3) breached their contracts by refusing to fully investigate Pulte's tender.

193.    As a direct and proximate result of Defendants' conduct as alleged in this Complaint, Pulte has been damaged and will continue to be damaged in an amount in excess of $75,000, to be proven at trial.

## THIRD CAUSE OF ACTION

### Breach of Contract – Duty to Indemnify

(By Pulte Against All Defendants)

194.    Pulte realleges the allegations contained in paragraphs 1 through 193, inclusive, and incorporates them by reference as though fully set forth herein.

195.    Pulte requested that Defendants indemnify Pulte against the *Masi* Claims under the insurance policies each of the Defendants issued to their respective named-insured subcontractors, as described more fully above. Pulte has performed all obligations owing under each of the policies in connection with its tender of indemnity, and Pulte has satisfied all relevant conditions precedent.

196.    Defendants have failed to discharge their contractual duties to indemnify Pulte against the *Masi* Claims. More particularly, Defendants (1) breached their contracts by wrongfully denying a duty to indemnify Pulte; (2) refusing to fund a Settlement with the homeowners in the underlying *Masi* matter; (3) taking wrongful coverage positions asserting that they have no obligation to indemnify Pulte as an additional insured; (4)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

anticipatorily breaching their duty to indemnify Pulte by asserting that the Defendants have no obligation to indemnify additional insureds under their policies.

197.    As a direct and proximate result of Defendants' conduct as alleged in this Complaint, Pulte has been damaged in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

**Bad Faith**

(By Pulte Against All Defendants)

198.    Pulte realleges the allegations contained in paragraphs 1 through 197 inclusive, and incorporates them by reference as though fully set forth herein.

199.    Each of the Defendants owes duties to act honestly and in good faith with its insureds and to reasonably conduct a timely and fair investigation and evaluation of claims.

200.    Each of the Defendants failed to timely investigate and properly evaluate Pulte's tender of its defense and indemnity of the *Masi* Claims, which is unreasonable under the circumstances and constitutes bad faith breaches of their duties to act honestly and in good faith and to reasonably conduct a timely and fair investigation and evaluation of Pulte's claims.

201.    Each of the Defendants have unreasonably delayed and/or denied Pulte's request for defense and indemnity, including but not limited to failing and refusing to provide an immediate, full and complete defense to Pulte.

202.    Such conduct constitutes bad faith breaches that warrant compensatory damages.

203.    Furthermore, each of the Defendants' reasons for delay and/or denial of Pulte's claims are frivolous and unfounded.

204.    The conduct of the Defendants, constitutes bad faith, malicious, willful, reckless, and wanton conduct warranting an award of punitive damages.

/ / /

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5549

## PRAYER

WHEREFORE, Pulte prays for judgment against Defendants as follows:

1.    **FIRST CAUSE OF ACTION**:

    a.    For declaratory relief as described above;

    b.    For all costs and expenses at the full extent permitted by law;

    c.    For pre-judgment interest and post-judgment interest at the full extent permitted by law;

    d.    For attorneys' fees to the extent recoverable by applicable law; and

    e.    For such other and further relief as the Court deems fair and proper.

2.    **SECOND CAUSE OF ACTION**:

    a.    For general and specific damages in an amount to be proven at trial;

    b.    For punitive damages at the full extent permitted by law;

    c.    For all costs and expenses at the full extent permitted by law;

    d.    For pre-judgment interest and post-judgment interest at the full extent permitted by law;

    e.    For attorneys' fees to the extent recoverable by applicable law, which shall be taxed against the Defendants as costs, and

    f.    For such other and further relief as the Court deems fair and proper.

3.    **THIRD CAUSE OF ACTION**:

    a.    For general and specific damages in an amount to be proven at trial;

    b.    For punitive damages at the full extent permitted by law;

    c.    For all costs and expenses at the full extent permitted by law;

    d.    For pre-judgment interest and post-judgment interest at the full extent permitted by law;

    e.    For attorneys' fees to the extent recoverable by applicable law, which shall be taxed against the Defendants as costs; and

    f.    For such other and further relief as the Court deems fair and proper.

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-5649

4.    **FOURTH CAUSE OF ACTION**:

   a.    For general and specific damages in an amount to be proven at trial;

   b.    For punitive damages at the full extent permitted by law;

   c.    For all costs and expenses at the full extent permitted by law;

   d.    For pre-judgment interest and post-judgment interest at the full extent permitted by law;

   e.    For 10% per annum of the amount of Pulte's claim;

   f.    For attorneys' fees to the extent recoverable by applicable law, which shall be taxed against the Defendants as costs; and

   g.    For such other and further relief as the Court deems fair and proper.

DATED: April 25, 2025             PAYNE & FEARS LLP

                    By:     _/s/ Scott S. Thomas_
                         Scott S. Thomas, Bar No. 031418
                         sst@paynefears.com
                         PAYNE & FEARS LLP
                         2375 East Camelback Road, 6th Floor
                         Phoenix, Arizona 85016
                         Telephone: 602-344-9549
                         Facsimile: 602-344-9653

                         Attorneys for Plaintiffs Pulte Home Company,
                         LLC and Pulte Development Corporation

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

DATED: April 25, 2025                   PAYNE & FEARS LLP


By:      /s/ Scott S. Thomas
         Scott S. Thomas, Bar No. 031418
         sst@paynefears.com
         PAYNE & FEARS LLP
         2375 East Camelback Road, 6th Floor
         Phoenix, Arizona 85016
         Telephone: 602-344-9549
         Facsimile: 602-344-9653

         Attorneys for Plaintiffs Pulte Home Company,
         LLC and Pulte Development Corporation

4903-9200-1070.2

PAYNE & FEARS LLP
ATTORNEYS AT LAW
2375 EAST CAMELBACK ROAD, 6TH FLOOR
PHOENIX, ARIZONA 85016
(602) 344-9549

COMPLAINT AND JURY DEMAND