Wyatt M. Bailey (AZ Bar No. 020356)
*wbailey@meagher.com*
*hmolander@meagher.com*
MEAGHER + GEER, P.L.L.P.
16767 N. Perimeter Dr., Ste. 210
Scottsdale, AZ 85260
(480) 607-9719
(480) 607-9780
*Attorneys for James River Insurance Company*

# UNITED STATES DISTRICT COURT

## DISCTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| Pulte Home Company, LLC, a Michigan limited liability corporation; Pulte Development Corporation, a Michigan corporation; and Pulte Home Corporation, a Michigan corporation, | Case No. 2:25-cv-01392-JZB |
| Plaintiffs, | **DEFENDANT JAMES RIVER INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' COMPLAINT** |
| v. | *(Assigned to the Hon. Judge)* |
| Midwest Family Mutual Insurance Company, and Iowa corporation; Peleus Insurance Company, a Virginia corporation; Clear Blue Specialty Insurance Company, a Texas corporation; James River Insurance Company, an Ohio corporation; Knight Specialty Insurance, a Delaware corporation; Pennsylvania Lumbermens Mutual Insurance Company, a Pennsylvania corporation; Starr Indemnity & Liability Company, a Texas corporation; United Specialty Insurance Company, a Delaware corporation; Wesco Insurance Company, a Delaware corporation, Cincinnati Specialty Underwriters Insurance Company, a Delaware corporation; Obsidian Specialty Insurance Company, a Delaware corporation; Scottsdale Indemnity Insurance Company, an Ohio corporation; Hanover American Insurance Company, a New Hampshire corporation; Allied World | |

1

Assurance Company (US) Inc., a Delaware corporation; National Union Fire Insurance Company of Pittsburgh, PA, a Pennsylvania corporation; AMCO Insurance Company, an Iowa corporation; Travelers Property Casualty Company of America, a Connecticut corporation; Federated Mutual Insurance Company, a Minnesota corporation; Endurance American Insurance Company, a Delaware corporation; Liberty Mutual Fire Insurance Company, a Wisconsin corporation; Westfield Insurance Company, an Ohio corporation; Valley Forge Insurance Company, a Pennsylvania corporation; and The Charter Oak Fire Insurance Company, a Connecticut corporation;

Defendants.

Defendant James River Insurance Company (hereby referred to as "James River") responds to Plaintiffs' Complaint as follows:

## **PARTIES**

1.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies them.

4.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies them.

5.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies them.

6.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7.      Answering Paragraph 7, James River admits that it is an Ohio Corporation with its principal place of business in Virginia.

8.      James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies them.

9.      James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies them.

13.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

16.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them.

17.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18.      James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

20.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them.

22.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them.

23.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them.

24.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies them.

25.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them.

26.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies them.

## JURISDICTION AND VENUE

27.     James River admits the allegations in Paragraph 27 for jurisdictional purposes only.

28.     James River admits the allegations in Paragraph 28 for jurisdictional and venue purposes only.

## GENERAL ALLEGATIONS

**The Anthem at Merrill Ranch Project**

29.     Upon information and belief, James River admits the allegations in Paragraph 29.

30.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies them.

31.     James River is without information sufficient to form a belief as to the truth

1  of the allegations in Paragraph 31 and therefore denies them.

2      32.    James River is without information sufficient to form a belief as to the truth
3  of the allegations in Paragraph 32 and therefore denies them.

4      33.    James River is without information sufficient to form a belief as to the truth
5  of the allegations in Paragraph 33 and therefore denies them.

6      34.    James River is without information sufficient to form a belief as to the truth
7  of the allegations in Paragraph 34 and therefore denies them.

8      35.    James River is without information sufficient to form a belief as to the truth
9  of the allegations in Paragraph 35 and therefore denies them.

10      36.    James River is without information sufficient to form a belief as to the truth
11  of the allegations in Paragraph 36 and therefore denies them.

12      37.    James River is without information sufficient to form a belief as to the truth
13  of the allegations in Paragraph 37 and therefore denies them.

14      38.    James River is without information sufficient to form a belief as to the truth
15  of the allegations in Paragraph 38 and therefore denies them.

16      39.    James River is without information sufficient to form a belief as to the truth
17  of the allegations in Paragraph 39 and therefore denies them.

18      40.    James River is without information sufficient to form a belief as to the truth
19  of the allegations in Paragraph 40 and therefore denies them.

20      41.    James River is without information sufficient to form a belief as to the truth
21  of the allegations in Paragraph 41 and therefore denies them.

22      42.    James River is without information sufficient to form a belief as to the truth
23  of the allegations in Paragraph 42 and therefore denies them.

24      43.    James River is without information sufficient to form a belief as to the truth
25  of the allegations in Paragraph 43 and therefore denies them.

26      44.    James River is without information sufficient to form a belief as to the truth

of the allegations in Paragraph 44 and therefore denies them.

45.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies them.

46.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

47.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

48.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

49.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

50.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

51.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies them.

52.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies them.

53.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

**The Peleus Policies**

54.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

55.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

56.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

57.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

58.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

**The Clear Blue Policies**

59.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

60.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies them.

61.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

62.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

63.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

**The James River Policies**

64.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

65.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies them.

66.     Answering Paragraph 66, James River admits only that it issued certain insurance policies to Austin Electric, Diversified and Sonoran but denies that the policies identified in the chart accurately represent the insurance policies that James River actually issued. James River admits that it issued policy number 00097755-0 for the policy period 12/01/2019-12/01/2020, policy number 00097755-1 for the policy period 12/01/2020-12/01/2021 as well as policy number 00124710-0 to Austin Companies, LLC for the policy

period 12/01/2021-12/01/2022. James River admits that it issued policy number 00103449-0 to Diversified Roofing Corporation but denies that the policy period was 06/01/20-06/01/24. The policy period for policy number 00103449-0 was 06/01/2020 to 06/01/2021. James River admits that it issued the following policies to named insured Diversified Roofing Corporation:   (1) Commercial General Liability Policy 00103449-0, effective 06/01/2020 – 06/01/2021; (2) Commercial General Liability Policy 00103449-1, effective 06/01/2021 – 06/01/2022; (3) Commercial General Liability Policy 00103449-2, effective 06/01/2022 – 06/01/2023; (4) Commercial General Liability Policy 00103449-3, effective 06/01/2023 – 06/01/2024; (5) Commercial General Liability Policy 00103449-4, effective 06/01/2024 – 04/01/2025.  James River denies that it first issued any insurance policy to "Sonoran" but admits that it issued the following policy numbers to named insured Tucson Peach, LLC: (1) Policy 00098292-0 effective 01/01/2020 to 01/01/2021; (2) Policy 00098292-1 effective 01/01/2021 to 01/01/2022; (3) Policy 00098292-2 effective 01/01/2022 to 01/01/2023; (4) Policy 00098292-3 effective 01/01/2023 to 01/01/2024; (5) Policy 00098292-4 effective 01/01/2024 to 01/01/2025; & (6)  Policy 00098292-5 effective 01/01/2025 to 01/01/2026. Defendant James River denies any other allegations in Paragraph 66.

67.     Answering Paragraph 67, James River denies that any of the relevant policies were specifically "endorsed to cover Pulte" as an additional insured. James River admits that the relevant policies included certain additional insured endorsements which, in certain scenarios, could extend additional insured coverage to general contractors such as Pulte. James River denies that Pulte qualified or qualifies for additional insured coverage for any allegations against it in connection with this matter.

68.     James River denies the allegations in Paragraph 68.

**The KSIC Policies**

69.     James River is without information sufficient to form a belief as to the truth

1  of the allegations in Paragraph 69 and therefore denies them.

2      70.      James River is without information sufficient to form a belief as to the truth

3  of the allegations in Paragraph 70 and therefore denies them.

4      71.      James River is without information sufficient to form a belief as to the truth

5  of the allegations in Paragraph 71 and therefore denies them.

6      72.      James River is without information sufficient to form a belief as to the truth

7  of the allegations in Paragraph 72 and therefore denies them.

8      73.      James River is without information sufficient to form a belief as to the truth

9  of the allegations in Paragraph 73 and therefore denies them.

10 **The Pennsylvania Lumbermens Policies**

11     74.      James River is without information sufficient to form a belief as to the truth

12 of the allegations in Paragraph 74 and therefore denies them.

13     75.      James River is without information sufficient to form a belief as to the truth

14 of the allegations in Paragraph 75 and therefore denies them.

15     76.      James River is without information sufficient to form a belief as to the truth

16 of the allegations in Paragraph 76 and therefore denies them.

17     77.      James River is without information sufficient to form a belief as to the truth

18 of the allegations in Paragraph 77 and therefore denies them.

19     78.      James River is without information sufficient to form a belief as to the truth

20 of the allegations in Paragraph 78 and therefore denies them.

21 **The Starr Policies**

22     79.      James River is without information sufficient to form a belief as to the truth

23 of the allegations in Paragraph 79 and therefore denies them.

24     80.      James River is without information sufficient to form a belief as to the truth

25 of the allegations in Paragraph 80 and therefore denies them.

26     81.      James River is without information sufficient to form a belief as to the truth

of the allegations in Paragraph 81 and therefore denies them.

82.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and therefore denies them.

83.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore denies them.

**The USIC Policies**

84.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore denies them.

85.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore denies them.

86.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore denies them.

87.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore denies them.

88.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore denies them.

**The Wesco Policies**

89.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies them.

90.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies them.

91.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies them.

92.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and therefore denies them.

93.     James River is without information sufficient to form a belief as to the truth

of the allegations in Paragraph 93 and therefore denies them.

**The CSU Policies**

94.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore denies them.

95.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and therefore denies them.

96.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore denies them.

97.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore denies them.

98.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore denies them.

**The Obsidian Policies**

99.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies them.

100.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and therefore denies them.

101.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and therefore denies them.

102.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and therefore denies them.

103.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 103 and therefore denies them.

**The Scottsdale Policies**

104.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and therefore denies them.

105.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and therefore denies them.

106.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 106 and therefore denies them.

107.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore denies them.

108.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore denies them.

**The Hanover Policies**

109.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and therefore denies them.

110.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore denies them.

111.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and therefore denies them.

112.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and therefore denies them.

113.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and therefore denies them.

**The Midwest Family Policies**

114.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and therefore denies them.

115.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and therefore denies them.

116.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and therefore denies them.

117.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and therefore denies them.

118.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 118 and therefore denies them.

**The Allied Policies**

119.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and therefore denies them.

120.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and therefore denies them.

121.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and therefore denies them.

122.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 122 and therefore denies them.

123.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and therefore denies them.

**The National Union Policies**

124.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and therefore denies them.

125.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 125 and therefore denies them.

126.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and therefore denies them.

127.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and therefore denies them.

128.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 128 and therefore denies them.

**The AMCO Policies**

129.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 129 and therefore denies them.

130.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and therefore denies them.

131.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and therefore denies them.

132.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and therefore denies them.

133.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and therefore denies them.

**The Travelers Policies**

134.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and therefore denies them.

135.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and therefore denies them.

136.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and therefore denies them.

137.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and therefore denies them.

138.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and therefore denies them.

**The Federated Policies**

139.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and therefore denies them.

140.     James River is without information sufficient to form a belief as to the truth

of the allegations in Paragraph 140 and therefore denies them.

141.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 141 and therefore denies them.

142.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 142 and therefore denies them.

143.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and therefore denies them.

**The Endurance Policies**

144.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and therefore denies them.

145.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and therefore denies them.

146.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and therefore denies them.

147.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and therefore denies them.

148.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and therefore denies them.

**The Liberty Mutual Policies**

149.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and therefore denies them.

150.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and therefore denies them.

151.     James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 151 and therefore denies them.

152.     James River is without information sufficient to form a belief as to the truth

1  of the allegations in Paragraph 152 and therefore denies them.

2       153.    James River is without information sufficient to form a belief as to the truth

3  of the allegations in Paragraph 153 and therefore denies them.

4  **<u>The Westfield Policies</u>**

5       154.    James River is without information sufficient to form a belief as to the truth

6  of the allegations in Paragraph 154 and therefore denies them.

7       155.    James River is without information sufficient to form a belief as to the truth

8  of the allegations in Paragraph 155 and therefore denies them.

9       156.    James River is without information sufficient to form a belief as to the truth

10  of the allegations in Paragraph 156 and therefore denies them.

11       157.    James River is without information sufficient to form a belief as to the truth

12  of the allegations in Paragraph 157 and therefore denies them.

13       158.    James River is without information sufficient to form a belief as to the truth

14  of the allegations in Paragraph 158 and therefore denies them.

15  **<u>The Valley Forge Policies</u>**

16       159.    James River is without information sufficient to form a belief as to the truth

17  of the allegations in Paragraph 159 and therefore denies them.

18       160.    James River is without information sufficient to form a belief as to the truth

19  of the allegations in Paragraph 160 and therefore denies them.

20       161.    James River is without information sufficient to form a belief as to the truth

21  of the allegations in Paragraph 161 and therefore denies them.

22       162.    James River is without information sufficient to form a belief as to the truth

23  of the allegations in Paragraph 162 and therefore denies them.

24       163.    James River is without information sufficient to form a belief as to the truth

25  of the allegations in Paragraph 163 and therefore denies them.

26  *//*

**The Charter Oak Policies**

164.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 164 and therefore denies them.

165.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and therefore denies them.

166.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and therefore denies them.

167.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and therefore denies them.

168.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and therefore denies them.

**The *Masi* Claims**

169.    Upon information and belief, James River admits that the homeowners in the Anthem at Merrill Ranch community served a demand for arbitration.  James River denies the remaining allegations in Paragraph 169.

170.    Upon information and belief, James River admits the allegations in Paragraph 170 to the effect that the *Masi* homeowners served First and Second Demands for Arbitration.  James River is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 170 and therefore denies the remaining allegations in Paragraph 170.

171.    Answering Paragraph 171, James River admits that the *Masi* claimants seek over $1,000,000 from Pulte. James River is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 171 and therefore denies them.

172.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and therefore denies them.

173.    James River is without information sufficient to form a belief as to the truth

of the allegations in Paragraph 173 and therefore denies them.

174.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and therefore denies them.

175.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and therefore denies them.

176.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and therefore denies them.

177.    Answering Paragraph 177, James River admits only that no additional insured coverage existed, or exists, for the claims asserted against Pulte by the *Masi* claimants under the relevant James River insurance policies and therefore no defense or indemnification is owed. James River is without information sufficient to form a belief as to the remaining allegations in Paragraph 177 and therefore denies them.

178.    Answering Paragraph 178, James River admits only that no additional insured coverage existed, or exists, for the claims asserted against Pulte by the *Masi* claimants under the relevant James River insurance policies and therefore no defense or indemnification is owed. James River is without information sufficient to form a belief as to the remaining allegations in Paragraph 178 and therefore denies them.

179.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 179 and therefore denies them.

180.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and therefore denies them.

181.    Answering Paragraph 181, James River admits only that no additional insured coverage existed, or exists, for the claims asserted against Pulte by the *Masi* claimants under the relevant James River insurance policies and therefore no defense or indemnification is owed. James River is without information sufficient to form a belief as to the remaining allegations in Paragraph 181 and therefore denies them.

182.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and therefore denies them.

183.    James River is without information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and therefore denies them.

## FIRST CAUSE OF ACTION

### Declaratory Judgement

(By Pulte Against All Defendants)

184.    Defendant James River incorporates the above objections, responses and answers as if fully set forth herein.

185.    Answering Paragraph 185, James River admits only that no additional insured coverage existed, or exists, for the claims asserted against Pulte by the *Masi* claimants under the relevant James River insurance policies and therefore no defense or indemnification is owed. James River is without information sufficient to form a belief as to the remaining allegations in Paragraph 185 and therefore denies them.

186.    Answering Paragraph 186, James River admits only that an actual controversy exists between James River and the Plaintiffs but denies that Plaintiffs are entitled to any relief sought. James River is without information sufficient to form a belief as to the truth of any remaining allegations asserted against other defendants in Paragraph 186 and therefore denies them.

187.    Answering Paragraph 187, James River admits only that an actual controversy exists between James River and the Plaintiffs but denies that Plaintiffs are entitled to any relief sought. James River is without information sufficient to form a belief as to the truth of any remaining allegations asserted against other defendants in Paragraph 187 and therefore denies them.

188.    Answering Paragraph 188, James River admits only that an actual controversy exists between James River and the Plaintiffs but denies that Plaintiffs are entitled to any

relief sought. James River is without information sufficient to form a belief as to the truth of any remaining allegations asserted against other defendants in Paragraph 188 and therefore denies them.

189.    James River admits the allegations in Paragraph 189.

## SECOND CAUSE OF ACTION

### Breach of Contract – Duty to Defend

(By Pulte Against All Defendants)

190.    Defendant James River incorporates the above objections, responses and answers as if fully set forth herein.

191.    James River denies any allegation in Paragraph 191 directed at James River. James River is without information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 191 and therefore denies them.

192.    James River denies any allegation in Paragraph 192 directed at James River. James River is without information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 192 and therefore denies them.

193.    James River denies any allegation in Paragraph 193 directed at James River. James River is without information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 193 and therefore denies them.

## THIRD CAUSE OF ACTION

### Breach of Contract – Duty to Indemnify

(By Pulte Against All Defendants)

194.    Defendant James River incorporates the above objections, responses and answers as if fully set forth herein.

195.    James River denies any allegation in Paragraph 195 directed at James River. James River is without information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 195 and therefore denies them.

196.    James River denies any allegation in Paragraph 196 directed at James River. James River is without information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 196 and therefore denies them.

197.    James River denies any allegation in Paragraph 197 directed at James River. James River is without information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 197 and therefore denies them.

## FOURTH CAUSE OF ACTION

### Bad Faith

(By Pulte Against All Defendants)

198.    Defendant James River incorporates the above objections, responses and answers as if fully set forth herein.

199.    Paragraph 199 is a statement of law which requires no response.  To the extent a response is required, James River denies that it failed to act honestly and in good faith with any insureds at issue in this action and denies that it failed to reasonably conduct a timely and fair investigation and evaluation of claims.

200.    James River denies any allegation in Paragraph 200 directed at James River. James River is without information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 200 and therefore denies them.

201.    James River denies any allegation in Paragraph 201 directed at James River. James River is without information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 201 and therefore denies them.

202.    James River denies any allegation in Paragraph 202 directed at James River. James River is without information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 202 and therefore denies them.

203.    James River denies any allegation in Paragraph 203 directed at James River. James River is without information sufficient to form a belief as to the truth of any remaining

allegations in Paragraph 203 and therefore denies them.

204. James River denies any allegation in Paragraph 204 directed at James River. James River is without information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 204 and therefore denies them.

Defendant James River denies that Plaintiffs are entitled to any of the relief sought in the Complaint's "PRAYER" section.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each of the counts of the Complaint, against James River is subject to dismissal for failure to state a claim against James River upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is subject to dismissal for failure to join certain necessary and indispensable parties to this action.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by applicable statutes of limitations, laches, waiver, and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

James River's obligations, if any, to an insured are defined by the terms, definitions, provisions, insuring agreement, limitations, exclusions, conditions, declarations, endorsements, and language of the insurance policies ("the Policies"). The complete language of the Policies is incorporated into this affirmative defense by reference as though quoted in full here, and such language speaks for itself. James River raises the policy language as a defense to the Complaint and the claims in the Complaint. The damages and claims in the Complaint against James River fail because they are not covered by the Policies.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint is barred to the extent the damages and claims were for a known risk, known loss, or otherwise lacked the fortuity required to come within the coverage afforded by the Policies.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent the insured failed to mitigate, minimize, or avoid any damages it allegedly sustained, the damages claimed against James River must be reduced by the amount attributable to such failure.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint and Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint against James River fails, in whole or in part, because James River's coverage interpretations and claims handling were and are reasonable as a matter of law.

**NINTH AFFIRMATIVE DEFENSE**

James River acted reasonably and in good faith at all times material to this action, based upon the relevant facts and circumstances made known to James River at those times.

**TENTH AFFIRMATIVE DEFENSE**

Any claims for punitive damages in the Complaint violate the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; violate the Due Process Clause of Article II, Section 4, of the Arizona Constitution; violate the prohibition against excessive fines in Article II, Section 15, of the Arizona Constitution; and violate the prohibition of ex post facto laws and laws impairing the obligations of contracts in Section 10 of Article I to the United States Constitution.

**ELEVENTH AFFIRMATIVE DEFENSE**

The conduct alleged against James River does not satisfy the standard for an award

of punitive damages under Arizona law.

### TWELFTH AFFIRMATIVE DEFENSE

James River expressly reserves the right to assert additional defenses based upon disclosures and discovery on Plaintiffs' claims and damages, if any; upon application of the terms, definitions, provisions, insuring agreement, limitations, exclusions, conditions, declarations, and endorsements of the Policies; upon discovery of information and documents concerning the loss; and upon the development of any other pertinent information, disclosures, or discovery. Further, James River reserves the right to assert any of the affirmative defenses found in Federal Rules of Civil Procedure 8 and 12.

### <u>JURY DEMAND</u>

Defendant James River hereby demands a trial by jury.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, having fully answered the allegations of Plaintiffs' Complaint, James River prays that same be dismissed with prejudice, that Plaintiffs take nothing, that James River be awarded its reasonable attorney fees and costs incurred herein, and for such other and further relief that this Court deems proper.

DATED this 2nd day of June 2025.

MEAGHER & GEER, P.L.L.P.

By: _/s/Wyatt M. Bailey_____
    Wyatt M. Bailey
    16767 N. Perimeter Dr., Ste. 210
    Scottsdale, AZ 85260
    *Attorneys for Defendant James River*
    *Insurance Company*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**<u>Certificate of Service</u>**

I hereby certify that on June 2nd, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court for the District of Arizona by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

By: _/s/Hannah J. Molander_